# Biery, Appellant, v. Steckel.

*Husband and wife—Agreement of separation—Judgment.*

Where a husband gives a bond and mortgage in a penal sum conditioned that if default should be made in certain monthly payments to his wife provided for in articles of separation, the whole of the penal sum shall become due, the obligee in the bond, trustee for the wife, may on default in payment of the monthly instalments either sue upon the articles for the amount due, or enter judgment on the bond and elect to regard the whole amount thereof as due.   If he choses the former alternative he preserves the obligation of the bond entire and unimpaired, but if he elects to pursue the bond and mortgage for the full amount named therein, he is bound by his election, and the obligation of the bond is at an end.

A husband and wife separated by agreement.   The articles stipulated a certain monthly sum to be paid to a trustee for the wife's support during life or as long as they lived separate and apart.   A bond and a mortgage were given conditioned for performance of the stipulations.   Some money was realized on a judgment on the bond by attachment execution.   After exhaustion thereof, the mortgaged premises were sold by the sheriff. The court deducted the sum realized by the attachment from the amount of the bond, and distributed only the balance of the amount of the bond to the plaintiff, the rest to the defendant.   *Held*, not to be error.

Argued Dec. 5, 1901.   Appeal, No. 259, Oct. T., 1901, by plaintiff, from order of C. P. Lehigh Co., Jan. T. 1898, No. 132, dismissing exceptions to auditor's report in case of James S. Biery, Trustee of Elizabeth P. Steckel, v. Edmund F. Steckel. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.   Affirmed.

Exceptions to report of John Rupp, Esq., auditor.
The court dismissed the exceptions.

*Errors assigned* were in dismissing exceptions to auditor's report distributing fund raised by sheriff's sale.

*James S. Biery*, for appellant.

*Edward Harvey*, for appellee.

Opinion by Beaver, J., February 14, 1902:
A single question is involved in this case, but, in order to

bring it clearly before us, it will be well to recite the facts some-what fully.

Defendant entered into articles of separation from his wife, duly executed, in which it is stipulated: "The said Dr. Ed-mund F. Steckel, for himself, his heirs, executors and adminis-trators, hereby covenants and agrees to and with James S. Biery, Esq., Trustee for Elizabeth P. Steckel, that he will pay to the said Trustee, for the use of his wife and his minor daugh-ter, Mabel, the sum of three hundred dollars per year, payable in monthly instalments, payable at the end of each and every month, to be computed from the day when ·the said Elizabeth P. Steckel shall move separate and apart from her said husband, and such annual payment to continue during the natural life of the said Elizabeth P. Steckel, or so long as they live separate and apart." On the same day defendant executed a bond to the trustee, in the penal sum of $2,000, conditioned for the pay-ment of $300 annnally, as provided in the articles of separation, in which occurs this proviso: "Provided, however, and it is hereby expressly agreed, that, if at any time default shall be made in the payment of any of said monthly payments for the space of fifteen days after the same shall fall due, then and in. such case the whole principal debt aforesaid of two thousand dol-lars shall, at the option of the said trustee, his certain attorney, executors, administrators or assigns, become due and payable immediately and payment of said principal of two thousand dollars and all interest thereon may be enforced and recovered at once, anything herein contained to the contrary thereof not-withstanding." This bond was secured by a mortgage, con-taining the condition of the bond and the proviso above recited.

Upon failure to pay the monthly instalments provided for in the articles of separation, the trustee entered judgment upon the bond upon a præcipe in which occurs this recital: "In de-fault of compliance with the provisions of the bond hereto at-tached and with the terms of the agreement between said Eliz-abeth P. Steckel, the use plaintiff, and Edmund F. Steckel, the defendant, a copy of which is also attached, enter judgment in favor of said plaintiff and against said defendant for the sum of two thousand one hundred dollars, being for principal and five per cent attorney's commissions for collection." Upon the

judgment so entered, an attachment execution was issued, attaching money in the hands of certain garnishees.

Application was made to the court of common pleas to open the judgment, which was refused, and the refusal assigned for error in an appeal to the Supreme Court. Upon the consideration of that appeal (Biery v. Steckel, 194 Pa. 445) that court said: "There is no ground whatever for the obligor's contention that the marriage of his daughter reduced his liability upon the contract from $25.00 per month to $15.00 per month. It is a contention flatly opposed to the plain provisions of the articles of separation and the equally plain mandate of the bond which was prepared by his own counsel and approved and executed by him. The other contention that, notwithstanding the provision in the bond which authorizes the collection of the principal sum of two thousand dollars, in case of default in payment of the monthly instalments for a period of fifteen days, he could, by a tender of the amount of the instalments unpaid for a period of six months, set aside the proceedings pending for at least five months, is equally without merit."

Upon the return of the record to the court below, the attachment execution was prosecuted to judgment and, April 4, 1900, the trustee entered of record this receipt: "Received of Hannah Clayberger, garnishee under attachment execution No. 36, April Term, 1898, $690; also received, April 5, 1900, of Second National Bank of Allentown, Pa., one of the garnishees, under said attachment execution, $500.84, on account of the above judgment, within the decree of the court, as affirmed by the Supreme Court, less costs $27.44." Subsequently an alias fi. fa. was issued upon the judgment and condemnation being waived, the premises described in the mortgage securing the bond were sold thereon for $2,502, of which sum $2,392.59 were paid into court for distribution. A commissioner was appointed to make the distribution and, upon his report, confirmed by the court, the sum of $1,163.40 realized on the attachment previously issued, was deducted from the judgment and the balance paid out of the proceeds of the sale. From this decree of distribution, the trustee appealed, claiming the entire amount of the mortgage, on the ground that it was a continuing obligation for the performance of the stipulations of the articles of separation.

With this contention we cannot agree. When default was

made in the payment of the monthly instalments provided for in the articles of separation, the plaintiff had two courses open to him. The one was to sue upon these articles for the amount due in accordance with the terms thereof and the other was to use the collateral obligation and elect to regard the whole amount thereof as due. If he had chosen the former alternative, he could have preserved the obligation of the bond and the mortgage which secured it entire and unimpaired; but, having elected to pursue the bond for the full amount named therein, he is bound by his election. It was for a specific sum, conditioned for the payment of specific amounts. He regarded it as a debt for a specific sum and receipted upon the record for the amounts realized upon the attachment as " on account of the above judgment" (entered upon the bond). Having made his election, he is bound by it. As already intimated, it is possible that the mortgage could have been held as a continuing security by pursuing the defendant for the payment of the instalments under the articles of separation, but it seems to us too plain for argument that he could not collect the amount secured by the mortgage in full, exhaust the fund so realized in making payments due under articles of separation and then begin de novo and collect it again; but that is the logical effect of the plaintiff's contention. The distribution was properly made and the decree of the court below, confirming the same, is affirmed and the appeal dismissed at the costs of the appellant.