Schlichtman, Appellant, *v.* Crawford et al.

Argued January 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Abraham Wernick,* for appellant.

*William A. Carr,* of *Carr & Krauss,* with him *Henry L. Schimpf, Jr.,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:

Appellant, Schlichtman, instituted a trespass action in the Court of Common Pleas, No. 2, of Philadelphia County against appellees, Daniel Crawford and Charlotte Crawford, his landlords, and A. B. Moore, Constable, claiming damages for an excessive distraint and illegal sale.

In appellant's third amended Statement of Claim he averred, in paragraphs 13 and 14 thereof, that in a prior proceeding between these same parties in the Court of Common Pleas No. 5 he had filed a rule to open a judgment entered against him by virtue of an Averment of Default and Agreement of Lease under which Schlichtman became the tenant of appellees, that the rule to open the judgment was filed "for the reasons more fully set forth in paragraphs 1 to 11 inclusive" of his third amended Statement, and that "subsequent to the taking of depositions the Court of Common Pleas No. 5 heard argument upon said rule, *and after considering the controversy and issue herein involved as a necessary part of its decision,* discharged the aforesaid rule and no appeal has been taken from such decision."

To this Statement appellees filed an Affidavit of Defense Raising Questions of Law, and thereupon the court below entered the following order: "4/12/1938 affidavit of defense raising questions of law adjudged sufficient, if within 15 days plaintiff cannot amend his statement so as to show a good cause of action judgment for defendants."

No amended pleading was filed by appellant within the time fixed by the court, but subsequently a "New

Amended Statement of Claim" was filed and thereafter a stipulation of counsel was filed, containing the approval of the court, authorizing the filing of the fourth amended pleading, but on the condition that the new amended Statement of Claim be considered in conjunction with the third amended Statement "for the purpose of determining whether plaintiff has added a good cause of action thereto." The only substantial difference between the third and fourth amended Statements was the omission in the latter of any reference to the prior proceedings in Common Pleas No. 5 and the judgment entered therein; a reading of the two statements discloses that no new or substantially different averments of fact were added.

A statutory demurrer to the fourth amended Statement of Claim was sustained and judgment was entered for the appellees. From the judgment so entered the present appeal was taken, assigning the action of the court below as error.

It is well settled that the defense of res adjudicata may be raised by demurrer where on the face of the record the plaintiff admits the existence of the judgment or matter depended upon as showing a prior adjudication of the issues involved in the pending controversy: *Lawman v. Peoples Savings & Trust Co.*, 279 Pa. 151; *Steel v. Levy*, 282 Pa. 338; *Penn-O-Tex Oil & Leasehold Co. v. Big Four Oil & Gas Co.*, 298 Pa. 215; *Vondersmith v. Urban*, 108 Pa. Superior Ct. 103; Moschzisker's Essays, 81.

Since appellant's pleadings disclose the existence of the prior judgment and further show that in the prior proceeding there was a complete adjudication against himself and in favor of appellees of the very issues involved in the present controversy, the court below was entirely correct in sustaining the demurrer.

Appellant contends that the court below erred in considering the averments in the third amended Statement of Claim relating to the prior adjudication in conjunc-

tion with the averments of the last amended Statement in passing upon appellees' demurrer. The court was clearly correct in considering both pleadings, particularly since it was expressly agreed by the parties, with the court's approval, as a condition to the filing of the fourth Statement of Claim, that it should be considered in conjunction with the third Statement in determining whether or not the appellant had made out a good cause of action. Manifestly, appellant was in no way harmed by the practice pursued.

Appellant's contention that since proceedings to open a judgment are in their nature equitable the adjudication in the prior proceeding cannot be said to be res adjudicata of the present controversy, is likewise untenable. Adjudications in purely equitable proceedings are as res adjudicata of the issues determined therein as are prior judgments at law in pending controversies: *Larkins v. Lindsay,* 205 Pa. 534; *Lawman v. Peoples Savings & Trust Co.,* supra.

No error having been committed in sustaining the demurrer and entering judgment for appellees, the judgment of the court below is affirmed.