Zlotziver, Appellant, *v.* Zlotziver.

Argued March 25, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert A. Jarvis,* with him *J. I. Simon* and *Beck, McGinnis & Jarvis,* for appellant.

*Harry Alan Sherman,* with him *C. Joseph Recht,* for appellee.

PER CURIAM, April 12, 1948:

This case appears to involve a continuation of the difficulties between husband and wife that were considered in *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A. 2d 779, although now the parties are reversed. The husband, who was defendant in that case, is the plaintiff in this. After our order made in that case was received in the court below, differences concerning compliance arose and ultimately the present suit was brought. The husband filed this bill alleging facts said to justify equitable relief, inter alia (1) a decree now declaring their agreement null and void; (2) requiring the wife to reconvey certain premises, retransfer the truck, and do various other things which need not now be specified. To that bill, the defendant wife filed a petition pursuant to the Act of March 5, 1925, P. L. 23, 12 PS 672, asserting that the court "does not have jurisdiction over defendant or of the cause of action . . ." The court below, in an opinion

by Judge MARSHALL, dismissed the bill on the ground that "the relief sought are res adjudicata and the court has no jurisdiction."

This is just another case to be added to the long list of cases misapplying the Act relied on by the petitioning defendant. The statute confers equitable jurisdiction on the common pleas. The bill avers facts which, if established, entitle the plaintiff to equitable relief. The docket entries state that proof of service of the bill was filed. The power of the common pleas to enter upon the inquiry is complete: *Colflesh v. Provident Trust Company*, 317 Pa. 46, 176 A. 433; *Zerbe Township School District v. Thomas*, 353 Pa. 162, 165, 44 A. 2d 566, and cases there cited.

The order granting the motion to dismiss for want of jurisdiction is reversed; the bill is reinstated and the record is remitted for further proceedings; costs to abide the event.