Zlotziver, Appellant, v. Zlotziver.

Argued April 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert A. Jarvis,* with him *J. I. Simon* and *Beck, McGinnis & Jarvis,* for plaintiff.

*Harry Alan Sherman,* with him *C. Joseph Recht,* for defendant.

OPINION BY ARNOLD, J., September 26, 1951:

The parties to this action were formerly husband and wife. We will attempt to simplify the issues, which are based upon two decrees in equity, and two appeals to the Supreme Court.[1]

The culmination of their quarrels seems to have been the husband's philandering with a young woman employe. In 1944 the parties entered into an oral separation agreement in which the husband engaged to convey to his wife three pieces of real estate, a grocery store with its stock, and a truck. She agreed to pay him $1,500 and to assume the debts of the business and the mortgages against the real estate, and also waived support for herself and their children.

The husband did not comply with the agreement, and she filed a bill in equity for specific performance and obtained a decree, from which the husband appealed. On November 25, 1946, the decree was affirmed by the Supreme Court, which refused reargument on December 13, 1946. The record was remanded for a

[1] *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A. 2d 779. *Zlotziver v. Zlotziver,* 359 Pa. 84, 58 A. 2d 334.

supplemental decree requiring the husband to convey three pieces of real estate instead of the two inadvertently ordered by the court below, and such decree was entered January 30, 1947.

Mrs. Zlotziver assumed control of the real estate and the store business and paid him $1,000. She also paid some $3,500 of his business debts, and made payments on the mortgages. Thus she performed all of the directions of the decree except that she did not discharge the unpaid balance of $500.

In 1944 she sued for divorce and obtained a decree against him in 1947. In 1946 he went to California and did not return until March, 1948.

During this time the parties seem to have lost sight of any property rights and to have been much more interested in inflicting injury on each other.

The present bill in equity by Herman Zlotziver against Fannie Zlotziver was filed on March 6, 1947. It did not profess to be a supplemental bill to enforce the decree, but instead prayed *that the original contract be rescinded* and that she be required to reconvey the real estate and the truck. There was no allegation of fraud antecedent to the decree nor of any after-discovered evidence. The bill averred that subsequent to the original decree, and while he was in California, she fraudulently procured store creditors of hers to obtain judgments against him, upon which attachments in execution were issued naming her as garnishee (thus seeking the $500 that she owed him); and that she fraudulently procured a substituted service on her of both the writs of summons and attachments, although she knew that he was absent from the Commonwealth. Plaintiff's bill complained that she had not paid the $500 ordered by the decree, but disclosed no reason for his failure to move under the decree for that payment. He had an equitable lien or charge on the real estate, as well as other remedies.

The bill disclosed that the $500 in question had been paid into the law side of the court by Mrs. Zlotziver on an interpleader raised in the attachments. It further showed that Herman Zlotziver succeeded in striking off the judgments and the writs of attachment execution, and that the common pleas had made an order directing the money to be paid over to him.

Mrs. Zlotziver interposed jurisdictional objections to the present bill under the Act of 1925, P. L. 23, 12 PS §672,[2] on the theory that the court below had no jurisdiction because the matters were res judicata by reason of the original decree of specific performance. The court below dismissed the bill, and Zlotziver appealed to the Supreme Court on the single question that the matter of res judicata could not be raised by a motion under the Act of 1925. The Supreme Court agreed with this contention and reversed on April 12, 1948, with a procedendo.[3]

Upon hearing on the merits the court below found that the defendant had committed the subsequent frauds alleged, but that she had paid store bills of her husband and made payments on the mortgages; and that the status quo as of the date of the original decree could not be restored, since the wife had released him from the support of herself and the children, and the parties had been subsequently divorced.

The court below then rendered relief to the plaintiff which required Mrs. Zlotziver to pay him the $500 with interest, and an additional $500, being the amount agreed upon as attorney's fees which she had caused Zlotziver to expend. The plaintiff offered no evidence of any other damage which he suffered because of her subsequent fraud. The costs of the proceeding were also placed on her. Both sides appealed.

---

[2] In part supplied by Pa. R.C.P. 1451.

[3] *Zlotziver v. Zlotziver*, 359 Pa. 84, 58 A. 2d 334.

When the original decree of specific performance became final it follows that thereafter neither party could sue *on the contract,* which had been supplanted by and merged with the decree,[4]—for the enforcement of which each party had entirely adequate remedies. Counsel for plaintiff cites no authority for the contrary proposition; nor that a court of equity, ex necessitate, must vacate a decree of specific performance because of fraud occurring subsequent to the decree; nor does our research disclose any authority for either proposition.

Treating the present bill as a bill of review or supplemental bill, the plaintiff is in no better position. He offers nothing to impeach the decree, or to reverse the same because of any defect or mistake. Supplemental bills are used *in aid* of a decree and not to move against it.[5] However, the court may, under appropriate circumstances, reconsider the justice of the decree *as of the time that it was made.*

A similar case was ruled by Judge BUTLER of Chester County, who well said:[6] "The plaintiff is not asking to have the final decree enforced as it stands, or to have some modification made in it that might be essential under changed conditions to secure the relief intended to be granted by it, but is attempting to get back of the final decree, to engraft new matter upon the record as though the investigation were still pending, . . . as though a new and second final decree could be entered. This, we think, cannot be done. . . . The plaintiff is entitled to all the protection afforded by the final decree, but cannot go behind it and into the suit

---

[4] Restatement, Contracts, §444. See also *Biery v. Steckel,* 19 Pa. Superior Ct. 396; and Restatement, Judgments, §46, comment c.

[5] 30 C.J.S., Equity, §425 (b), page 835.

[6] *Burke et al. v. Coatesville Borough et al.,* 18 Pa. Dis. Rep. 497, 498.

out of which it grew introduce new matter and have the suit revived and the investigation renewed."

In addition, any relief to the plaintiff rested in the sound discretion of the chancellor. It is perfectly apparent that the court below did not abuse its discretion, but worked out substantial justice between these litigious parties, giving a decree to the plaintiff which recompensed him for all injury except that to his amour propre. Actually, in an attempt to gain a considerable pecuniary advantage regardless of any injury done him, the plaintiff is seeking the rescission of a contract which a court of equity had ordered him specifically to perform. To this he is not entitled.

Likewise the appeal of Fannie Zlotziver is without merit; and the whole Zlotziver litigation ought to end.

In the appeal of Herman Zlotziver, No. 1 April Term, 1951, the decree is affirmed; Herman Zlotziver to pay all the costs accruing subsequent to the decree of the court below, except the cost of printing the brief and supplemental record of Fannie Zlotziver.

In the appeal of Fannie Zlotziver, No. 2 April Term, 1951, the decree is affirmed; appellant to pay the costs, except the cost of the printed record and brief of Herman Zlotziver.