407 A.2d 1342

**Elizabeth S. EXNER, Appellant,**

v.

**George V. EXNER.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided July 27, 1979.

254

Janet Duffy Carson, Philadelphia, for appellant.

J. Eric Atherholt, Doylestown, for appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

In this assumpsit action for breach of a separation agreement, the Court of Common Pleas of Bucks County granted husband-appellee's motion for summary judgment on the ground that a prior judgment in equity in favor of appellant was res judicata and barred the action. We affirm.

Prior to divorce, the parties to this action entered into a separation agreement on April 17, 1973, which provided in pertinent part:

"Husband agrees to pay to Wife the sum of $200.00 per week as alimony. Each year this figure shall be increased by $10.00 per week beginning with the first payment in January of that year."

On April 15, 1974, appellant brought an assumpsit action alleging that her former husband had failed to pay monies due under this agreement for the period from January 14, 1974, through January 28, 1974. During the pendency of this action, appellant commenced a second assumpsit action on May 8, 1974, in which she alleged that after February 15, 1974, husband-appellee had further breached the separation agreement by tendering only partial payments. These actions were consolidated by stipulation of the parties. On January 10, 1975, while the consolidated assumpsit actions were pending, wife-appellant brought an action in equity in which she alleged continuing defaults and requested specific performance of the separation agreement. On November 10, 1975, the court granted wife-appellant's motion for summary judgment in the equity action and entered the following decree:

"AND NOW, this 10th day of November, A.D., 1975, upon consideration of the Plaintiff's Motion for Summary Judgment and Memorandum in support thereof and Defendant's Memorandum in opposition thereto, it is hereby ORDERED and ADJUDGED and DECREED that (a) Defendant, George V. Exner, shall specifically perform the Agreement entered into by Plaintiff, Elizabeth S. Exner, and Defendant, George V. Exner, as of April 17, 1973, by paying to the Plaintiff, Elizabeth S. Exner, all amounts of money due and owing under the Agreement as they fall due; (b) Defendant, George V. Exner, is hereby permanently enjoined and restrained from failing or refusing to pay to Plaintiff, Elizabeth S. Exner, all amounts of money due and owing under the Agreement as they fall due; and (c) Defendant, George V. Exner, shall specifical-

ly perform the aforesaid Agreement, paying forthwith to Plaintiff, Elizabeth S. Exner, all arrearages which have accrued under the Agreement to date of this Decree, together with interest on said sum at the legal rate and costs of this action."

Following entry of this decree in the equity action, wife-appellant next filed a motion for summary judgment in the consolidated assumpsit actions. Husband-appellee thereupon filed his own motion for summary judgment. The trial court held that the doctrine of res judicata precluded appellant from pursuing the consolidated assumpsit actions because the rights and liabilities of the parties under the support clause of the separation agreement had been finally adjudicated in the equity action.

The doctrine of res judicata holds that a final judgment on the merits is conclusive of the rights of the parties and constitutes a bar to a subsequent action involving the same claim, demand or cause of action. *Lebeau v. Lebeau*, 258 Pa.Super. 519, 525, 393 A.2d 480, 482 (1978); *Jenkins v. Jenkins*, 246 Pa.Super. 455, 463, 371 A.2d 925, 929–30 (1977). The principle serves to expedite the consideration of individual cases, to establish the certainty and finality of court judgments and to protect a party relying on the prior adjudication from vexatious litigation. *Lebeau v. Lebeau*, supra; *McCarthy v. Twp. of McCandless*, 7 Pa. Cmwlth. 611, 615, 300 A.2d 815, 819 (1973). It is applicable only upon the concurrence of four conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975); *Lebeau v. Lebeau*, supra. Because an adjudication in equity is as conclusive as a judgment at law, however, it is of no consequence that the earlier suit was brought in equity and the later action at law. *Schlichtman v. Crawford*, 337 Pa. 497, 12 A.2d 52 (1940); *State Hospital for Criminal Insane v. Consolidated Water Supply Co.*, 267 Pa. 29, 110 A. 281 (1920).

258

Appellant asserts that because the cause of action in the equity suit is not identical to the cause of action at bar, the doctrine of res judicata is inapplicable. Specifically, she argues that each breach of the separation agreement gives rise to a new and distinct cause of action, and that the judicial determination of one such breach does not operate as a bar to succeeding causes of action for subsequent breaches. We agree with appellant that the separation agreement was a severable contract, and that a separate suit could have been maintained for each unpaid installment. See: *Bryen & Weil, Inc. v. French & Keeley, Inc.,* 103 Pa.Super. 573, 157 A. 367 (1931). However, appellant, in this case, apparently wishing to avoid the inconvenience and expense of bringing successive actions in assumpsit, instituted an action in equity to compel appellee to perform specifically the separation agreement by paying not only monies due but also those payments to become due in the future. The complaint in equity recited all prior defaults, including those alleged in the prior assumpsit actions. Payment of monies due by virtue of prior breaches was within the court's decree that appellee pay "all arrearages which have accrued under the Agreement to date of this Decree."

It is clear, therefore, that the causes of action alleged in the consolidated assumpsit actions were included among the breaches of contract averred and decided in the equity action. Under these circumstances, the final decree in equity bars further litigation of the consolidated assumpsit actions. Appellant's remedy if appellee fails to comply with the support terms of the agreement is an appropriate action to enforce the equity decree.[1] See: *Zlotziver v. Zlotziver,* 169 Pa.Super. 588, 83 A.2d 429 (1951); Restatement of Judgments § 47 (1942).

Order affirmed.

[1] In January, 1976, appellant filed a Petition for the Issuance of a Civil Contempt Citation against appellee for violation of the equity decree. The Court of Common Pleas of Bucks County found that appellee was financially unable to comply fully with the court order and, therefore, could not be held in civil contempt. On appeal, the Superior Court affirmed per curiam. *Exner v. Exner,* 261° Pa.Super. 481, 395 A.2d 1012 (1978).