## DeHaven v. Armstrong World Industries Inc.

*Michael T. McCarthy,* for plaintiff.
*Christopher W. Mattson,* for defendant.

GEORGELIS, *J.* December 5, 1986 — Before the court is defendant's motion for judgment on the pleadings. Briefs have been filed, and the motion has been assigned to the court for disposition. The relevant factual and procedural history is the following.

Plaintiff commenced her action by writ of summons on August 9, 1985, and filed her complaint on September 23, 1985. On November 8, 1985, she filed an amended complaint, which contains five counts. Count I alleges her wrongful discharge, and Counts II through V allege breaches of contract, with Counts III, IV and V being in the alternative.

Defendant's motion for judgment on the pleadings is in six parts. It seeks to: (1) dismiss the amended complaint on the grounds of res judicata; (2) dismiss Count I of the amended complaint on the grounds of the statute of limitations; (3) dismiss Count I of the amended complaint for failing to state a cause of action; (4) dismiss Count III of the amended complaint for failing to state a cause of action; (5) dismiss Counts II, IV and V of the amended complaint for failing to state a cause of action; and

(6) strike plaintiff's prayer for reinstatement, contained in the ad damnum clauses of each of the five counts of her amended complaint. For the reasons stated below, the first part of defendant's motion for judgment on the pleadings—its motion to dismiss-res judicata—is granted, precluding the necessity to address the remaining five parts of its motion.

In June of 1982, plaintiff filed an action in equity, which contained two counts. Count I alleged her termination without just cause and in violation of certain policies and procedures of defendant. Copies of those policies and procedures are attached to the equity complaint and to the instant amended complaint. Count I sought plaintiff's reinstatement by defendant, and Count II made the same allegations as Count I but sought reimbursement for back wages and for hospitalization insurance premiums. A copy of plaintiff's 1982 equity complaint is attached to defendant's instant motion for judgment on the pleadings, as Exhibit 1.

Defendant filed preliminary objections to the equity complaint, and, on October 21, 1982, the Honorable Paul A. Mueller, Jr. sustained those objections and dismissed plaintiff's complaint without prejudice. A copy of Judge Mueller's opinion and order are attached, as Exhibit 3, to defendant's instant motion for judgment on the pleadings.

Judge Mueller, in analyzing the employment relationship between plaintiff and defendant, found that it was by way of a contract without a specific duration and that it was, therefore, presumed by law to be a contract at-will. He stated that plaintiff acknowledged her contract was at-will, and he held that she could recover only by overcoming the presumption. After analyzing the allegations of the complaint and applying the law to them, he con-

cluded that plaintiff failed to overcome the at-will presumption.

He concluded his opinion by stating:

"One final comment should be made. At oral argument plaintiff's counsel set forth, to the court's understanding, a theory of recovery not previously mentioned in either the complaint or brief. This theory was that there was an oral contract made between plaintiff and defendant for year-to-year employment. If this is plaintiff's position, her remedy is to seek monetary damages for breach of an oral contract on the law side of the court. In such a cause of action it would seem that the damages would only accrue for the remaining months of the year-to-year contract."

In its motion for judgment on the pleadings, defendant argues that Judge Mueller's opinion and order were a final adjudication on the merits of plaintiff's complaint in equity, that they are res judicata as to plaintiff's instant action and that the dismissal "without prejudice" was only as to the oral contract, identified by plaintiff during oral argument and mentioned by Judge Mueller in the last paragraph of his opinion. Plaintiff argues that the dismissal "without prejudice" is not res judicata, not only as to the oral contract but also as to any other matter not involved in the equity action, including the June 15, 1964 written contract, which is attached to plaintiff's amended complaint as Exhibit A.

"The res judicata doctrine is a judicial creation aimed at preventing a multiplicity of suits. It protects a party from the vexation of having to defend itself against a claim for which the final judgment has already been entered. An essential prerequisite to the application of the doctrine of res judicata, however, is that a valid and final judgment on the merits has been entered in a previous action." Con-

solidated Coal Co. v. District 5, United Mine Workers, 336 Pa. Super. 354, 362, 485 A.2d 1118 (1984). "For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: (1) identity in the things sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." Bearoff v. Bearoff Bros. Inc. 458 Pa. 494, 327 A.2d 72 (1974).

Addressing, first, the four Bearoff conditions, we find that plaintiff's 1982 equity action and her instant one provide the necessary concurrence of all four. As to the "identity of persons and parties to the action" and to the "identity of the quality or capacity of the parties suing or sued," both suits clearly involve the same parties in the same capacities. As to the "identity of the cause of action," both suits, even though the instant one does so more extensively, state causes of action, based on an at-will employment relationship, alleging breach of contract and wrongful discharge. As to the "identity in the things sued upon," plaintiff argues that the two suits do not concur, in that the instant action alleges the June 15, 1964 written agreement, which was not alleged in the 1982 equity action.

After a careful reading of that agreement, we conclude that it is not a separate employment contract but rather additional evidence of the at-will employment relationship between plaintiff and defendant, which relationship was the basis for the wrongful discharge and contract causes of action in the equity suit. In its fifth paragraph, that agreement states: "That said employer shall employ said employee, or continue his employment (as the case may be), at a wage or salary to be mutually agreed upon between the parties for such length of time as shall be agreeable to said employer and said employee."

Language in an employment contract to the extent that its term shall continue so long as both parties agree has been held too vague and unspecified to overcome the at-will presumption. Darlington v. General Electric, 350 Pa. Super. 183, 504 A.2d 306, 312 (1986). The 1964 agreement evidences the same at-will employment relationship, which formed the basis of the equity action and which was decided on its merits by Judge Mueller. We conclude, therefore, that the two actions concur in the "identity in the things sued upon," as well as the other three required conditions as noted above.

Moving to the Consolidated Coal requirement of a valid and final judgment on the merits, we conclude that Judge Mueller's October 21, 1982 opinion and order satisfy that requirement. Our analysis begins with the general rule that a dismissal without prejudice imports the contemplation of further proceedings and thereby precludes the dismissal serving as res judicata. Robinson v. Trenton Dressed Poultry Co., 344 Pa. Super. 545, 550, 496 A.2d 1240, 1243, (1985). See also 149 A.L.R. 553, 557.

However, we believe that our Supreme Court established an exception to this general rule in Fiumara v. American Surety Co. of N.Y., 346 Pa. 584, 31 A.2d 283 (1943), on which defendant relies. After stating the general rule that the phrase "without prejudice," appearing in an order, shows that the judicial act done is not intended to be res judicata on the merits, the Fiumara court, at 593, held that, where it appears that the essential merits of a controversy were involved and determined and that the judicial act done was intended to be res judicata of the merits of the controversy, the mere inclusion of the words "without prejudice" will not prevent the decision of the court from being res judicata of the issue raised and decided.

We agree with plaintiff that few decisions have cited Fiumara, and we note that those which have cited it have not applied or extended its exception to the general rule. However, it has not been overruled or qualified, and it, therefore, remains the law of Pennsylvania. In Brunswick Corp. v. Chrysler Corp., 408 F.2d 335 (7th Cir. 1969), the court applied the Fiumara exception to a patent case and held that, even though the prior action was dismissed without prejudice, it was a final adjudication as to the validity and infringement and that only issues of the enforcement of the decree and of the infringement were reserved. It held that "an ambiguous judgment should be construed to give effect to all parts thereof, if possible, and to effectuate the purpose of the court if it can be ascertained." 408 F.2d at 337.

After a careful reading of Judge Mueller's opinion in its entirety and after applying the Fiumara exception, we conclude that the dismissal without prejudice was intended to preserve only plaintiff's cause of action for an oral contract. We do not address what that oral contract may have been, since it is not of record, having been identified only in oral argument. We are satisfied, after a careful reading of plaintiff's instant amended complaint, that an oral contract is not the basis of this action.

In reaching this conclusion, we disagree with plaintiff's position that a decree, dismissing a suit in equity, differs from a judgment at law and, therefore, cannot be res judicata. Our appellate courts have held that an adjudication in equity is as conclusive as a judgment at law and that it is of no consequence that the earlier suit was brought in equity and the latter suit at law. An action in equity can have a res judicata effect upon a subsequent action at law. See Consolidated Coal, supra, at 362, and

also Exner v. Exner, 268 Pa. Super. 253, 257, 407 A.2d 1342, 1344 (1979).

In summary, we conclude that Judge Mueller, in his decision in plaintiff's prior equity action, addressed the merits of each of the causes of action before us in the instant suit and that his adjudication was a final one on those merits. Therefore, his October 21, 1982 opinion and order are res judicata as to the instant action, and, accordingly, we enter the following.

## ORDER

And now, this December 5, 1986, for all of the reasons stated in the foregoing opinion, defendant's motion for judgment on the pleadings (motion to dismiss—res judicata) is granted, and plaintiff's amended complaint is dismissed with prejudice.