## Wright, Appellant, v. Lancaster Suburban Water Company.

Submitted April 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Robert Ruppin,* and with him *J. Andrew Frantz,* for appellant.

*Zimmerman, Myers and Kready,* for appellee.

PER CURIAM, July 14, 1933:

We take this statement of the facts from the opinion of the President Judge of the lower court: "The plaintiff is a building contractor, residing in the Township of Lancaster this county. In this township the defendant, a corporation, is engaged in the business of supplying water to the public. One of defendant's mains extends along Lincoln Highway west. A six-inch pipe line owned by plaintiff is connected to defendant's water system at the intersection of Atkins Avenue and Lincoln Highway, and extends along Atkins Avenue for a distance of about three hundred fifty feet. Connections with this six-inch main are made to certain properties now, or formerly, owned by plaintiff. The plaintiff laid this six-inch line on, or about May 29, 1929, at his own expense, the cost being about $800. Connection with defendant's line was made in pursuance of a verbal agreement between plaintiff and John M. Groff, defendant's predecessor in title. On February 24, 1932, the defendant served written notice on plaintiff informing him that defendant intended to connect plaintiff's six-inch line to defendant's other portions of its system, and, in spite of plaintiff's protest, the defendant has connected with plaintiff's six-inch main. The plaintiff avers that he is satisfied to permit defendant's use of plaintiff's line provided defendant pays plaintiff a proportionate share of the cost of building the line. The defendant refuses to pay plaintiff, who asks in the instant bill

that defendant be enjoined from using plaintiff's main. The plaintiff also asks the court to order the defendant to disconnect its line from plaintiff's main, and to order restitution to plaintiff for damages caused by the alleged trespass committed by defendant.

"To this bill defendant has replied with a petition to raise questions of jurisdiction of the court under the provisions of the Act of March 5, 1925, P. L. 23. In this petition the defendant avers that all it did was to connect a new water main to the 'dead end' of plaintiff's line, so as to permit water to flow through the said line, thus to eliminate the dead end and so to improve the water service. The plaintiff then avers that the subject matter of plaintiff's bill of complaint is solely whether defendant's extension is a public service company facility of defendant, and whether the action of defendant in making the connection was a proper just and legal act of defendant in its conduct and function as a public service company. The defendant then asks the court to grant a rule on plaintiff to show cause why plaintiff's bill should not be dismissed, and this is asked on the ground that the Public Service Commission, and not this court, has sole jurisdiction of the plaintiff's complaint. The rule as asked was granted, and thus the matter now before the court is the rule to show cause why the plaintiff's bill should not be dismissed for lack of jurisdiction in this court.

"The plaintiff contends that this court and the Public Service Commission have concurrent jurisdiction over the plaintiff's complaint and cites to the court several decisions to show that the court of common pleas in equity may grant injunctions to restrain public utility companies from actual actions of trespass or threatened actions of trespass or to preserve the status quo."

There seems to be no reason for the intervention

of a court of equity to preserve any status, nor is this asked in the bill, for the connection was made at both ends of the pipe before the bill was filed.

There can be no question that the pipe which was paid for by the plaintiff has been a facility of the company for through it consumers of water were served the same as the public generally, paying to the company the usual charges. Taking a practical view of the case, all that is involved in the present contention is the adjustment of the cost of the pipe between the parties who have paid for it, and the company who is using it, without having paid anything towards its cost. This is not a case of impending trespass upon property by a company. The facilities of a company being under the supervision of the Public Service Commission, it does not lie within the power of the court to direct the company to sever the connection it has with the pipe, for that would be an interruption of public service that would encroach upon what is undoubtedly the particular domain of the commission. The Public Service Act has placed in the hands of the commission all matters relating to rights, facilities, service and other related matters of a public service company. By this act a complete system in itself is presented to enforce such powers. Where the territory of a public service company was wrongfully invaded by another company, it was held that plaintiff had a full and complete remedy to prevent any encroachment, or wrongful use of the territory by defendant. If the plaintiff is wronged in the present case through the exercise of any of the facilities employed by the defendant company, he can file his complaint with the commission: Fogelsville & Trexlertown Elec. Co. v. Pa. Power & Light Co., 271 Pa. 237, 114 A. 822.

Under the Act of March 21, 1806, 4 Sm. L. 326, where a remedy is provided or duty enjoined, or anything

directed to be done by any act of the Legislature, the directions must be strictly pursued. ''Since that act [the Public Service Act] has become part of our law, we have held, that our courts have no jurisdiction by bill in equity or otherwise to consider and judge such cases until they come to them on an appeal, by way of the procedure provided by that law. This is so even though the constitutional question of confiscation is involved, whether it be valuation, grade crossing, re-routing of cars, removal of poles and wires, operating in a given territory, or any question arising under that act; all have been referred to the particular remedy following the Act of 1806'': Taylor v. Moore, 303 Pa. 469, 154 A. 799, and cases therein cited.

The decree of the lower court dismissing the bill is affirmed. Appellant to pay the costs.