Rogoff, Appellant, *v.* The Buncher Company.

478

Argued March 20, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Abraham Pervin,* with him *Sachs, Pervin & Kaufman,* for appellants.

*Samuel L. Fuss,* with him *Duff, Scott & Smith,* for appellees.

OPINION BY MR. JUSTICE BOK, May 8, 1959:

Plaintiffs have appealed the sustaining of preliminary objections to their complaint in equity. Its pur-

pose was to enjoin what they say is the excessive use of a railroad siding across their property.

The question is whether the court has jurisdiction.

In 1950 plaintiffs'. mother bought ten acres of land in Leetsdale, Allegheny County, from Anna M. Smith, and then deeded them to plaintiffs in 1955. In this deed the following right was reserved to the grantor: ". . . the right to install, maintain and operate a single or double track railroad siding from the right-of-way of said railways company into the property of the [grantor] adjoining the above-described property on the Northwest and crossing said above-described property at such place as may be determined by conformity with the minimum curve requirements of The Pennsylvania Railroad Company for the installation of the siding."

Anna Smith also owned the property adjoining these ten acres to the northwest, consisting of twenty-four acres, and in 1951 she sold it to the defendants. The deed contained a similar reservation of the right to install a siding. Also in 1951 the defendants bought from others sixty acres of land which had never belonged to Anna Smith and which adjoined the twenty-four acres but not the ten acres.

By decree of the Court of Common Pleas of Allegheny County dated November 10, 1955, defendants built a single-track siding across plaintiffs' ten acres, and access to the property lay across this siding. Against plaintiffs' protests, defendants then extended the siding across the twenty-four acre piece of land and on to the sixty acre piece, where they built five large manufacturing plants, with spur tracks running to them. Plaintiffs aver that this was an uncontemplated use of the siding and an unreasonable increase of the burden on their ten acres.

The relief asked is an injunction to prevent use of the siding to and from the area beyond the twenty-four acre tract.

A summary judgment should be entered on the pleadings only in a case that is clear and free from doubt: *Vrabel v. Scholler*, 369 Pa. 235, 85 A. 2d 858 (1952).

Our problem is not to decide whether plaintiffs may recover but whether there is jurisdiction in equity: *Commonwealth ex rel. Shumaker v. N. Y. & Pa. Co.*, 367 Pa. 40, 79 A. 2d 439 (1951); *Bell Telephone Co. of Pa. v. Philadelphia Warwick Co.*, 355 Pa. 637, 50 A. 2d 684 (1947); *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A. 2d 566 (1945), and cases cited. Whether plaintiffs have asked for appropriate relief or are entitled to a decree on the merits is not our present concern. As this Court said in *Main Cleaners and Dyers Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 2 A. 2d 750 (1938) : "The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case."

Under the Acts of June 16, 1836, P. L. 784, §13, and February 14, 1857, P. L. 39; 17 P.S. §§282 & 283, equity has jurisdiction over "the prevention or restraint of the commission or continuance of acts contrary to law and prejudicial to the interest of the community or the rights of individuals."

Equity may enjoin repeated and continuing trespasses: *Gardner v. County of Allegheny*, 382 Pa. 88, 114 A. 2d 491 (1955) ; and may prevent a private right of way from being used to pass to other land beyond or adjoining that to which the easement is appurtenant; *Brown Co. v. Raub*, 357 Pa. 271, 54 A. 2d 35 (1947) ; *Schmoele v. Betz*, 212 Pa. 32, 61 A. 525 (1905) ;

*Shawnee Lake Association v. Uhler,* 131 Pa. Superior Ct. 146, 198 A. 910 (1938) : or enjoin the tortious use of land; *Emerald Coal & Coke Co. v. Equitable Gas Co.,* 378 Pa. 591, 107 A. 2d 734 (1954) : or abate a nuisance; *Commonwealth ex rel. Shumaker v. N. Y. & Pa. Co., Inc.,* 367 Pa. 40, 79 A. 2d 439 (1951) : or enjoin wrongful breaches of contracts where money damages are inadequate; *Reading & Southwestern Street Rwy. Co. v. Reading Street Rwy. Co.,* 361 Pa. 647, 66 A. 2d 260 (1949).

Turning to the specific subject of private railway sidings, we meet Art. XVII, §1 of the State Constitution, which says: "All railroads . . . shall be public highways." Then follows the Public Utility Law, Act of May 28, 1937, P. L. 1053, Art. I, §2 (10) : 66 P.S. §1102, which reads: " 'Facilities' means all the plant and equipment of a public utility, including all tangible and intangible real and personal property without limitation, and any and all means and instrumentalities in any manner owned, operated, leased, licensed, used, controlled, furnished, or supplied for, by, or in connection with the business of any public utility."

In *Lehigh Navigation Coal Co. v. Pennsylvania P. U. C.,* 133 Pa. Superior Ct. 67, 1 A. 2d 540 (1938), the Court said: "(2). A sidetrack may be a facility of a railroad company, within the meaning of Article I, Section 1, of the Act of July 26, 1913, P. L. 1374, and Article I, Section 2(10) of the Act of 1937, even though privately owned; and, when connected with a line of a railroad, is an integral part of the railroad system, becomes a public highway as provided by Article XVII, Section 1, of the Constitution of 1874, and hence subject to regulation as such by the state . . .

"(6). The public utility commission has the power to make an order compelling the owner of a sidetrack connected with a railroad to allow others, under cer-

tain conditions and upon proper terms, to use the sidetrack, notwithstanding that use of the sidetrack by others is limited by agreement between the interested parties entered into subsequent to enactment of the Act of 1913."

It is clear that the Commission has the power to regulate a private siding and equally clear that such siding is part of the railroad system.

Both equity and the Commission have jurisdiction in their own fields. The situation is like a public road to whose center the adjoining properties extend, with rights in the owners subject to the public's right of way. As this Court said in *Reading & Southwestern Street Railway Co. v. Reading Street Railway Co.*, supra (361 Pa. 647, 66 A. 2d 260) ; quoted in *Reading and Southwestern St. Ry. Co. v. Pennsylvania P.U.C.*, 168 Pa. Superior Ct. 61, 77 A. 2d 102 (1950) : "An unseemly clash of jurisdiction is not to be anticipated; on the contrary, the two tribunals [the equity court and the Public Utility Commission] will act harmoniously, each within the limits prescribed for its action."

The Public Utility Law expressly says that the rights it gives shall be cumulative and concurrent. In Art. IX, §917 of the Act; 66 P.S. §1357, it is provided : "Except as otherwise expressly provided, none of the powers or duties conferred or imposed by this act upon the commission. . . . shall be construed to abridge or impair any of the obligations, duties or liabilities of any public utility. . .. . And except as otherwise provided, nothing in this act contained shall in any way abridge or alter the existing rights of action or remedies in equity or under the common or statutory law of the Commonwealth, it being the intention that the provisions of this act shall be cumulative and in addition to such rights of action and remedies."

The court below held that but for the phrase "except as otherwise provided", the plaintiffs' argument is sound. That is where we think the court left the rails, since there is nothing that is otherwise provided, except that in two sections of the Law, Art. IX, §903, and Art. XI, §1111, jurisdiction over certain matters not apposite here are given to the Court of Common Pleas of Dauphin County. This suggests that the courts retain jurisdiction save where it is expressly removed.

The creation of the Commission was an exercise of the police power: *Scranton v. P. S. C.*, 268 Pa. 192, 110 A. 775 (1920), which held that the police power of the State includes the power to regulate charges for service rendered the public by public service corporations, regardless of ordinances and contracts. The Constitution provides in Art. XVI, §3: "The exercise of the police power of the State shall never be abridged or so construed as to permit corporations to conduct their business in such manner as to infringe the equal rights of individuals or the general well-being of the State."

In the *Scranton* case the opinion quotes from the Supreme Court of Oregon in *City of Woodburn v. P. S. C. of Oregon*, 82 Ore. 114: "The right of the state to regulate fares by compulsion is a police power." And in *Springfield Consolidated Water Co. v. Philadelphia*, 285 Pa. 172, 131 A. 716 (1926), Mr. Chief Justice Kephart, in speaking of rates and fares, said: "The State, in the exercise of its police power, may regulate such contracts." See also *Leiper v. Baltimore & Philadelphia Railroad Co.*, 262 Pa. 328, 105 A. 551 (1918). The Commission has only such powers as are expressly or by necessary implication given to it by the law: *Citizens Passenger Ry. Co. v. P. S. C.*, 271 Pa. 39, 114 A. 642 (1921).

We do not hesitate to say that fares, services, and facilities fall within its jurisdiction as an exercise of the police power: *Fogelsville & Trexlertown Electric Co. v. Pennsylvania P. & L. Co.*, 271 Pa. 237, 114 A. 822 (1921); *Wright v. Lancaster Suburban Water Co.*, 109 Pa. Superior Ct. 372, 167 A. 397 (1933), but whether a case is ultimately to be decided by equity or by the Commission depends upon its facts.

The instant proceedings may, as the court below found, be governed by *Lehigh Navigation Coal Co. v. P. U. C.*, supra (133 Pa. Superior Ct. 67, 1 A. 2d 540), because the facts developed at hearing may show it to involve fares and the servicing of a railroad facility and hence should be decided ultimately by the Commission. In holding it to be so as a matter of law we think that the court below was in error, as the case may turn out to resemble *Commonwealth ex rel. Shumaker v. N. Y. & Pa. Co., Inc.*, supra (367 Pa. 40, 79 A. 2d 439), and *Emerald Coal & Coke Co. v. Equitable Gas Co.*, 378 Pa. 591, 107 A. 2d 734 (1954), both of which fell under the jurisdiction of equity.

The complaint avers an uncontemplated use of the siding and an unreasonable increase of the burden on the land. These averments look both ways, towards the services rendered by the siding and towards a trespass to the extent of the excessive use. The relief asked is to restrain defendants from using the siding at all beyond the boundary between the twenty-four acre tract and the sixty acre tract, and this smacks of relief against a trespass. In upholding concurrent jurisdiction, we must remand the record for a hearing of the complaint. The basic right of defendants to have and use the siding on the sixty acres at all is a thing beyond the power of the Commission to decide.

The decree is reversed with a *procedendo*.

Mr. Justice Musmanno dissents.