## Ott v. Colonial Pipe Line Company of Pennsylvania

*Rogers & O'Neill,* for plaintiffs.

*Gawthrop & Greenwood,* for defendant.

RILEY, J., March 4, 1964.—Defendant has filed preliminary objections to plaintiffs' complaint in equity seeking injunction, preliminary and permanent, against defendant from constructing a pipe line across their lands, the erection of pumping stations and the using of any pipe line already set therein. Plaintiffs' complaint avers their respective ownership of several tracts of land in this county across which defendant has or intends to construct a 30-inch pipe line of 0.281 thickness for the purpose of transporting gasoline, a petroleum product. The complaint avers the pressure strengths of the intended pipes as well as alleges the intended use to be at a pressure in excess of the safe pressure standards established by the Department of Labor and Industry as well as the Code of the Ameri-

can Society of Mechanical Engineers for "unfired pressure vessels" which the pipe line is said to be. The complaint further avers the pumping stations to be in violation of the standards and regulations established by the Department of Labor and Industry in that construction has proceeded without approval required by the Department. The complaint further avers that the characteristics of the pipe are such as to increase the hazards to persons or property and that the use of the allegedly unsafe piping, pumping stations and methods of laying constitute a threat and danger to their property and persons, averring the gasoline to be transported as a "highly inflammable and explosive petroleum product."

Defendant's preliminary objection first directs itself to the subject matter of "interference with inter-state commerce" setting forth various facts purporting to show defendant to be a Delaware Corporation (contrary to the complaint averment that it is a Pennsylvania Corporation) ; that the line is being constructed from Houston, Texas, with the ultimate terminus at Linden, New Jersey; that the corporation had been issued a certificate from the Pennsylvania Public Utilities Commission; and then asserting this is an interstate commerce enterprise and not subject to regulation by this court. In the alternative defendant avers, in its objection, that as the Public Utilities Commission of Pennsylvania "may" have jurisdiction to regulate that portion of the line in Pennsylvania, the adequate remedy at law is available and therefore equity has no jurisdiction. The objections also avers that the complaint fails to state a cause of action.

Addressing ourselves first to the assertion that this court has no jurisdiction because of the interstate character of defendant's operations, we need but point out that the basis for this objection must rest upon the validity of the facts averred in the preliminary

objection. While facts outside the record may be averred in a preliminary objection not in the nature of a demurrer or a motion to strike or for more specific pleading, such facts are not admitted and no evidence was produced in this case to otherwise establish them. The objection avers such facts as a "right of way," state of incorporation, origin and destination, a certificate from the Public Utilities Commission and others, all of which are averments of pleading only. The objection contains no endorsement requiring an answer to these facts and no such requirement to answer exists: 2 Anderson Pa. Civ. Prac., Comment Rule 1017.15. Where no requirement exists to answer averments of a pleading, averments are deemed to be denied: Pennsylvania Rule of Civil Procedure 1029 (d). Without a factual base supporting the question, the legal issue relating to interstate commerce is not properly before us for consideration.

The second point raised by defendant is that the Public Utilities Commission "may" have regulatory jurisdiction over pipe lines and that an adequate remedy at law therefore exists. We have been furnished no authority to support the contention that the possible jurisdiction of the Public Utilities Commission to regulate prohibits injunctive relief in equity where sufficient facts are averred to otherwise warrant equitable relief. The point was neither pressed in oral argument, nor in defendant's brief. The law is clear that the mere power to regulate, conceding such does exist, in the Public Utilities Commission does not of itself deprive a court of equity of jurisdiction where it would otherwise be operative: Rogoff v. The Buncher Co., 395 Pa. 477. The Public Utility Code of May 28, 1937, P. L. 1053, art. IX, sec. 917, 66 PS §1357, makes the regulatory powers and remedies of the commission cumulative and not in replacement of those in the law or equity courts unless specifically so

provided, said section stating in part, "And, except as otherwise provided, nothing in this act contained shall in any way abridge or alter the existing rights of action or remedies in equity or under the common or statutory law of the Commonwealth, it being the intention that the provisions of this act shall be cumulative and in addition to such rights of action and remedies." We find, therefore, no merit in the contention that a possible remedy by way of Public Utility Commission regulation of itself deprives a court of equity of jurisdiction.

Finally defendant strenuously contends that insufficient facts have been averred to support a right to injunctive relief. The first and apparently main allegation of plaintiffs in their complaint to support injunctive relief is that the pipe as proposed and as being installed does not comply with the recommended safety standards of the Department of Labor and Industry in its regulations on "unfired pressure vessels" under the Act of May 2, 1929, P. L. 1513, sec. 1, as amended, 35 PS §1301. Plaintiffs' averment is that the department regulation states such a vessel must be able to stand "four times" the pressure intended to be exerted. While the complaint is somewhat uncertain in its references to "unfired pressure vessels" within the regulation of the act and as to vessels for liquid under pressure generally, even assuming that the latter averments refer to unfired pressure vessels within the regulation of the Department and not specifically to "boilers", the primary subject of the act, a reading of the act conferring regulatory power upon the Department of Labor and Industry leads us to the conclusion that pipe lines, as now in question, are not "unfired pressure vessels" within the scope of their regulatory power and therefore are not the subject of the safety regulation referred to by plaintiffs. Section 1301 defines "unfired pressure vessel" as "any vessel

which pressure is obtained from an external source or from an indirect application of heat, except where the context of this Act clearly indicates otherwise". Section 1302, however, defining the scope of regulatory power, states the applicability of safety regulations as to thickness and the like refers to "Every boiler and unfired pressure vessel used or destined for use by any establishment or place of public assembly." While the pipe in question may meet the definition of "unfired pressure vessel" by virtue of pressure being applied from an external source, nevertheless it is not an "unfired pressure vessel" within the regulatory scope of the act. It is not used or intended for use, insofar as any allegations of the complaint indicate, in a "place of public assembly" nor by an "establishment" within the meaning of the act. Section 1301-(5) defines "Establishment" for purposes of the act as "any room, building or place within this Commonwealth where persons are employed or permitted to work for compensation of any kind, to whomever payable, and any place of business to which the public has access, except farms or private dwellings." The safety standards set forth in the department regulation therefore are not more or less than standards for "unfired pressure vessels" within places of public assembly and business locations where employes or the public have access and may be entirely different than might be established for pipe lines through fields, farms or private dwellings not subject to the Department's current regulation. The Act of 1957 relied upon by plaintiffs does not regulate "pipe lines" generally and therefore the standards relied upon are inapplicable.

The allegations of the complaint averring the construction of a pumping station at Landenberg, Chester County, Pennsylvania, and that the station construction is being conducted without license from the Department of Labor and Industry fail completely to set

forth any facts from which it might be inferred that such stations will constitute any hazard, unreasonable or otherwise, to the named plaintiffs or their properties other than an inference that the stations will be employed to pump gasoline through the subject pipe line. Where the pumps are to be located in relation to plaintiffs' property, in what manner they might be defective or what hazard might develop therefrom are facts not averred in the complaint.

Equity will not employ its strong arm of injunctive relief to restrain anticipated injury unless plaintiffs' right thereto is clear, and irreparable harm is reasonably certain to result if the relief is not granted: Robinson v. Philadelphia, 400 Pa. 80. Mere averments of the conclusion of law or of fear of prospective injury are not sufficient to sustain a complaint seeking injunctive relief. Facts must be averred from which reasonably certain injury to plaintiffs may be inferred, not the mere possibility: Erie v. Gulf Oil Corporation, 395 Pa. 383. Obviously the averment of violation of standards inapplicable to the pipe line in question or of the construction of pumping stations not averred as defective or related to plaintiffs' person or property are insufficient allegations to sustain a claim for injunctive relief. It does not follow with any reasonable certainty that the violations of standards established for "unfired pressure vessels" will result in reasonably certain injury to plaintiffs whether those standards are promulgated as the recommendations of the American Society of Mechanical Engineers or by the adoption of the same by the Department of Labor and Industry.

. If the complaint is sustainable at all, its substantive merit must rest upon the following allegations:

Paragraph 20: "The said pipe line is being constructed by the defendant in place upon plaintiffs' properties within the ground above the frost line

which increases the hazard to persons and property in its vicinity."

Paragraph 21: "Plaintiffs believe and they aver that said pipe line when in operation will, by reason of its unsafe characteristics as compared with its intended use, constitute a grave hazard and peril to the lives and safety of the plaintiffs and their property."

We deem these averments, either standing alone or read in conjunction with the prior averments of pipe width, minimum yield pressure when in use and the recommended standards as previously discussed, insufficient to substantiate any "reasonably certain" injury to plaintiffs' persons or property. Standing alone, the averments are wholly vague and purely the admitted opinions and conclusions of the plaintiffs. Read in conjunction with the prior averments, they are only the conclusions sought to be drawn from those averments which do not follow with any "reasonable certainty" as previously discussed.

While we conclude, as stated, plaintiffs' complaint does not support the right to the injunctive relief claimed, it is by no means certain that a more fully drawn complaint might not do so. Facts may exist, not evidenced in the present pleading, to support the desired conclusion of imminent and reasonably certain damage to person or property. For this reason we may not enter final judgment and are constrained to permit opportunity for plaintiffs to file an amended complaint should they deem that such facts exist: Sun Ray Drug Co. v. Lawler, 366 Pa. 571; Weiland v. Weiland Packing Co., 11 Chester 140.

### Order

And now, March 4, 1964, defendant's preliminary objection is hereby sustained with leave granted to plaintiffs to file an amended complaint within 20 days of the date hereof.