## Schnee v. Springwood Gardens

*R. Stuart Jenkins*, for plaintiff.

*Ralph B. D'Iorio*, for defendant.

CATANIA, J., July 19, 1965. — This is an action in trespass arising out of plaintiff's fall on December 13, 1963, on the parking lot of certain premises owned by defendant, known as Springwood Apartments, situate at East Woodland Avenue, Springfield, Delaware County, Pa. On the date of the alleged fall, plaintiff was a tenant of the Springwood Apartments under the terms of a certain written lease which is attached to plaintiff's complaint as exhibit "A". The complaint alleges that plaintiff's fall was occasioned as the result of defendant having carelessly and negligently allowed and permitted certain hills and ridges of ice to be and remain on said parking lot.

Defendant, in its answer under new matter, set forth the exculpatory provision of the lease agreement, as a result of which defendant avers that plaintiff may not now maintain this suit. Plaintiff's reply admits the occupancy of the apartment under the lease and the provisions of paragraph 7 thereof. The matter is now before the court on defendant's motion for judgment on the pleadings.

Paragraph 7 of the lease agreement, upon which defendant bases its motion for judgment on the pleadings, provides as follows:

"The lessor shall not be liable to the lessee for any damage or injury to him or his property occasioned by the failure of the lessor to keep said premises in repair and/or building of which it is a part, and shall not be liable for any injury done or occasioned by or from any defect of plumbing, electric wiring, or insulation thereof, gas-pipes, water pipes or steam pipes or from broken stairs, porches, wiring or walks, or from the bursting,

leaking or running of any tank, tub, wash-stand and water closet or water-pipe in the said premises, or in the building of which the said demised premises are a part, or by any damage or injury occasioned by the falling of any fixtures, plaster, stucco and/or any other part of the demised premises and/or building of which it is a part and agrees to relieve the lessor of any responsibility for any damage or injury arising from any act of any co-tenant or of any other person occupying the said building, of which the demised premises are a part, or by the lessor or his agent and all claims for any such damage or injury being hereof expressly waived by the lessee".

The general validity of exculpatory clauses in leases between lessor and lessee has been firmly established: Manius v. Housing Authority of the City of Pittsburgh, 350 Pa. 512. Such exculpatory clauses are undoubtedly valid and enforceable if they do not contravene any policy of the law; that is, if they are not dealing with a matter of interest to the public or the State, but merely involve an agreement between persons relating entirely to their private affairs: Boyd v. Smith, 372 Pa. 306; Cannon v. Bresch, 307 Pa. 31.

Despite the general validity of exculpatory provisions, when we are interpreting such clauses certain principles of law must be kept in mind: (1) The waiver by a tenant of his landlord's responsibility for losses resulting from negligence must be plainly expressed: Tidewater Field Warehouses, Inc. v. Fred Whitaker Company, Inc., 370 Pa. 538; Jacob Siegel Company v. Philadelphia Record Company, 348 Pa. 245; Wright v. Sterling Land Company, Inc., 157 Pa. Superior Ct., 625; (2) to ascertain what the parties intended in a written agreement, recourse must be had to the terms of the writing itself and such terms, in the absence of any ambiguity, form the true guide to the parties' intent: Atherton v. Clearview Coal Co., 267 Pa. 425;

(3) any doubt which arises as to the meaning of the clause must be resolved in favor of the lessee and against the lessor: Darrow v. Keystone 5, 10, 25 $1.00 Stores, Inc., 365 Pa. 123; Lyons v. Cantor, 363 Pa. 413; (4) a judgment on the pleadings should be entered only in cases which are clear and free from doubt: Rogoff v. The Buncher Company, 395 Pa. 477; Necho Coal Company v. Denise Coal Company, 387 Pa. 567.

A first reading of paragraph 7 gives the impression that it is all inclusive in its terms. But a careful analysis indicates that it can be separated into various categories: (1) Injuries caused by failure of the landlord to keep the premises or buildings in repair; (2) injuries caused by certain defects which are specifically set forth and (3) injuries caused by acts of cotenants of landlord, etc.

The injury in question was caused by a failure of the landlord to remove ice and snow from its parking lot. We do not think that it is covered by any of the provisions of paragraph 7. Although the paragraph starts out in very general and all-inclusive terms, such as, "The lessor shall not be liable to the lessee for any damage or injury to him or his property . . .", it then goes on to qualify the general terms by giving specific types of conduct and injury for which the lessor will not be responsible. We think the general terminology is controlled by the specific, and, in light of the principles enumerated above, we do not think that this clause insulates the lessor from liability for the injuries alleged in this case. Defendant goes on to argue that the last two lines of paragraph 7 reading, "and all claims for any such damage or injury being heretofore expressly waived by the lessee", are so all-inclusive that they would protect the landlord from any liability for injuries suffered by a tenant. We feel that the words "any *such* damage, etc." merely relates back to the specific items set forth in the foregoing portion of

paragraph 7, and, as we stated previously, we do not feel that they include the injuries alleged in this case.

ORDER

AND NOW, to wit, July 19, 1965, after argument in open court, it is ordered and decreed that defendant's motion for judgment on the pleadings be and the same is hereby denied.