492 A.2d 27

Alfred J. HOCH, III, Appellant,

v.

**PHILADELPHIA ELECTRIC COMPANY, Pennsylvania Power and Light Company and K.W. Reese, Inc.**

Superior Court of Pennsylvania.

Argued Oct. 9, 1984.

Filed April 19, 1985.

Lawrence F. Flick, Norristown, for appellant.

Edward J. Hughes, Norristown, for appellees.

Before ROWLEY, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

On September 21, 1982, appellant Alfred J. Hoch, III filed a complaint against appellee Philadelphia Electric Company (PECO), Pennsylvania Power & Light Company (PP & L), and K.W. Reese, Inc. (Reese), alleging trespass (Count I), conspiracy (Count II), nuisance (Count III), and unconstitutional taking (Count IV). The allegations in all four counts stem from the defendants' actions in clearing a right-of-way on appellant's property in order to construct a high voltage transmission line. On July 26, 1983, the lower court granted appellee's preliminary objections in the nature of a demurrer to all counts of appellant's complaint and dismissed the complaint as against appellee, thereby prompting this appeal. We affirm in part and reverse in part.

In ruling upon a demurrer, we look to the following principles of law:

A demurrer admits all relevant facts pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law.... A demurrer may not be sustained unless the complaint evidences on its face that the claim cannot be sustained because the law will not permit recovery.... In ruling on a demurrer, a court may not consider factual matters not disclosed in the record.... If there is any doubt, the doubt should be resolved in favor of overruling the demurrer; ....

*Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Superior Ct. 497, 500, 450 A.2d 36, 37–38 (1982) (citations omitted). Here, appellant alleged in his complaint that: (1) on or about June 10, 1980, appellee and PP & L employed Reese to go upon appellant's land for the purpose of clearing a

right-of-way granted to PP & L by appellant's predecessor-in-title on or about February 9, 1927; (2) pursuant to said employment, Reese entered appellant's property, removed from a 9,280 square foot area therein all plantings, bushes, shrubs, and trees, and damaged appellant's access road; (3) an expenditure of $21,550 will be required to return appellant's land to its condition prior to Reese's entry; (4) prior to Reese's entry, appellee and PP & L, through their representatives, had been warned that they had no right to enter appellant's land; (5) the sole purpose of the defendants' acts was to accommodate appellee in the erection, construction, and maintenance of a high voltage transmission line adjacent to the easement granted to PP & L; (6) the transmission line causes electromagnetic radiation, noise, and vibrations to be emitted on a continuous and daily basis onto appellant's land, interfering with appellant's, and others', use and enjoyment of such land, thereby rendering it useless and valueless, as well as unsafe and hazardous; and (7) PP & L allowed appellee and Reese to enter appellant's land for the purpose of building appellee's transmission line without compensating appellant.

In its October 3, 1983 opinion, the lower court sustained appellee's preliminary objections on three grounds: (1) because the damage to appellant's property was the direct and immediate consequence of the exercise of the power of eminent domain, the appropriate remedy was not an action in trespass, but rather the eminent domain provisions of the Business Corporation Law, *see* 15 P.S. §§ 3272, 1322, 3021–23; (2) the defendants had acted within the rights of, and had not exceeded the scope of, the easement granted by appellant's predecessor-in-title, and therefore appellant failed to state a cause of action in trespass; and (3) the Public Utility Commission (PUC), and not the lower court, was the proper forum to contest the safety of the power line, *see* 66 Pa.C.S.A. § 701. For the following reasons, we believe that the objections were properly sustained with regard to Count IV of the complaint (unconstitutional tak-

ing), but that the other three counts were improperly dismissed.

First, we find that the eminent domain provisions of the Business Corporation Law do not provide an exclusive remedy for appellant in this case.

[B]efore any [utility] shall exercise the power [of eminent domain], the [PUC], upon application of such [utility], shall have found and determined, after public hearing, that the service to be furnished by said company through the exercise of said power is necessary or proper for the service, accommodation, convenience, or safety of the public.

15 P.S. § 3272 (footnote omitted). On June 6, 1978, appellee was granted a certificate of public convenience for its so-called 500 kv Elroy-Hosensack electric transmission line, the one in issue here. Under the heading "Description of Proposed Route," the certificate recites the following: "The proposed transmission line crosses 124 separately-owned parcels of land. Right-of-way agreements have been executed with the owners of 98 of those parcels. *There are 26 eminent domain proceedings pending with respect to this line.*" (Exhibit A to Appellee's Preliminary Objections to Appellant's Complaint at 4) (emphasis added). Appellant is *not,* however, one of the property owners named as against which appellee's eminent domain power was to be exercised. (*Id.* at 1–2, 5–21). Therefore, the procedures [1] for ascertaining damages resulting from the exercise of the power never came into play. "[I]f the condemnor does not possess the taxing power, a failure to comply with its own requirements

---

1. Where the taking of a right-of-way or an easement by a utility is at issue, the provisions of the Business Corporation Law, *see* 15 P.S. §§ 115–16, 3021–23, and not those of the Eminent Domain Code, 26 P.S. § 1–101 *et seq.,* apply. *See* 15 P.S. § 1322(H) *and* 26 P.S. § 1–901. "[U]nless the condemnation in question involves the acquisition of fee title, the provisions of the [Eminent Domain] Code ... are not applicable." *Philadelphia Elec. Co. v. Carr,* 4 Pa.Commonwealth Ct. 571, 575, 287 A.2d 917, 919 (1972) (opinion *per curiam,* adopting the opinion of the lower court); *Fairview Water Co. v. Pa.Publ.Util. Comm'n,* 83 Pa.Commonwealth Ct. 627, 631–632, 479 A.2d 20, 22 (1984).

exercising the power of eminent domain will deem an entry upon the land of another to be a trespass." E. Snitzer, *Pennsylvania Eminent Domain* § 201(1)–5 at 32 (1965), *citing Cochran Coal Co. v. Municipal Management Co.,* 380 Pa. 397, 110 A.2d 345 (1955) (whether action of trespass or viewers' proceeding is proper remedy for ascertainment of damages). By the same token, then, appellant's Count IV, sounding in condemnation, was properly dismissed in the instant case because appellant did not petition the lower court to appoint viewers,[2] but instead filed a complaint "in trespass."

 Additionally, we do not agree that appellee acted within the rights granted to PP & L by appellant's predecessor-in-title. The pertinent parts of the easement are as follows:

> I Oswin Nace do hereby for myself, my heirs, executors, administrators and assigns irrevocably grant and convey unto the said Pennsylvania Power and Light Company, its successors and assigns and lessees the right to construct, operate and maintain and from time to time reconstruct its electric lines including such poles, towers, wires, fixtures and apparatus as may be from time to time necessary for the convenient transaction of the business of said company, its successors or assigns and lessees upon, across, over and along the property which I own or in which I have any interest in the Township of Upper Hanover ... and upon, across, over and along the roads, streets and highways adjoining the said property ...

**2.** "[W]hen a taking has been affected without the condemnation procedure having been followed, the landowner *may* petition the court for the appointment of viewers to assess and award damages." *O'Keefe v. Altoona City Auth.,* 9 Pa.Commonwealth Ct. 397, 399–400, 304 A.2d 916, 917 (1973) (emphasis added); *see also* E. Snitzer, *supra* § 201(1)–5.1 (waiver of trespass remedy). We also note that a court sitting in equity has jurisdiction to entertain questions of the scope and validity of condemnations of rights-of-way. *Redding v. Atlantic City Elec. Co.,* 440 Pa. 533, 269 A.2d 680 (1970); *Fairview Water Co. v. Pa.Pub.Util.Comm'n,* 83 Pa.Commonwealth Ct. 627, 479 A.2d 20 (1984). Here, however, appellant seeks only damages; he is not challenging the scope or validity of a condemnation nor is he asking that the transmission line be removed from his property.

including the right of ingress and egress to and from ...
at all times for any of the purposes aforesaid together
with the right to set and maintain the necessary guy and
brace poles or towers and anchors and to attach thereto
the necessary guy wires.

\* \* \* \* \* \*

[Furthermore], I do hereby release and quit claim the
said Pennsylvania Power and Light Company, its succes-
sors or assigns and lessees of and from any and all
damages, loss or injury that may be at any time caused
by or resulting from the construction, reconstruction,
operation and maintenance of the said lines or the trim-
ming or cutting down of any and all trees which in the
judgment of the said company, its successors, assigns or
lessees may interfere with the construction, reconstruc-
tion, maintenance or operation of the said lines or menace
the same.

(Exhibit B to Appellant's Complaint). "A party who chal-
lenges a pleading by demurrer opens for question the
sufficiency of his own pleadings." 5 Standard Pa.Practice
2d § 25:67 at 236 (1982). Here, appellee has not averred
that it was a successor, assignee, or lessee of PP & L. *Cf.*
Appellee's Preliminary Objections to Appellant's Complaint
¶¶ 3, 4. Moreover, even assuming that appellee had been
granted the rights contained in the easement, this would not
mean that appellant had failed to state a cause of action.
Rather, the easement would be in the nature of an affirma-
tive defense to the allegations of trespass. Further, as
appellant correctly notes, only reasonable increases in the
burden imposed on the easement are permitted, *see Bod-
man v. Bodman,* 456 Pa. 412, 321 A.2d 910 (1974), thus
possibly creating material issues of fact for a fact finder to
resolve. Therefore, we find that appellant has stated a
cause of action in trespass.[3]

---

**3.** Because the allegations of nuisance and conspiracy necessarily re-
late to the alleged trespass, it follows that those counts also properly
state causes of action.

■ Lastly, we cannot agree that the PUC is the proper forum to resolve the issues raised in appellant's complaint. Appellee and the lower court cite *West Penn Power Co. v. Pennsylvania Public Utility Commission,* 199 Pa.Superior Ct. 25, 184 A.2d 143 (1962), and *Department of Environmental Resources v. Pennsylvania Public Utility Commission,* 18 Pa.Commonwealth Ct. 558, 335 A.2d 860 (1975), *aff'd per curiam,* 473 Pa. 378, 374 A.2d 693 (1977), for the proposition that the PUC is the proper forum in which to object to the safety of an electric transmission line and that such objection can be made pursuant to the complaint procedure of 66 Pa.C.S.A. § 701.[4] Those cases are inapposite to the case at bar. Both concerned appeals from orders of the PUC either granting or denying applications for certificates of public convenience. Because the selection of rights-of-way for condemnation is a matter for the PUC's consideration, it was held that a reviewing court's scope of review is "narrow." *Department of Environmental Resources v. Pennsylvania Public Utility Commission, supra* 18 Pa.Commonwealth Ct. at 562, 335 A.2d at 863. The instant case is readily distinguishable. Here, the certificate of public convenience has already been granted, and appellant is not claiming that such grant was improper. Indeed, the certificate arguably does not even affect appellant because, as we have already noted, appellee did not seek to exercise its power of eminent domain against appellant's land. Instead, appellant alleges that appellee's acts consti-

4. The procedure is as follows:

The commission, or any person, corporation, or municipal corporation having an interest in the subject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the commission has jurisdiction to administer, or of any regulation or order of the commission. Any public utility, or other person, or corporation likewise may complain of any regulation or order of the commission, which the complainant is or has been required by the commission to observe or carry into effect. The Commonwealth through the Attorney General may be a complainant before the commission in any matter solely as an advocate for the Commonwealth as a consumer of public utility services. The commission may prescribe the form of complaints filed under this section.

tuted a trespass on his land, created a nuisance, and were part of a civil conspiracy "to deprive [him] of his property without compensation." (Appellant's Complaint at 5). These contentions, we believe, stem from whether or not appellee was granted PP & L's easement rights and, if so, whether or not those rights were exceeded, rather than from the PUC's determination of the safety of the transmission line. Our Supreme Court has upheld equity jurisdiction where the issue was whether the burden on an easement which provided for the installation of railroad siding had been unreasonably increased. *Rogoff v. Buncher Co.*, 395 Pa. 477, 151 A.2d 83 (1959). Furthermore, while the plaintiff in *Rogoff* sought equitable relief, here, appellant seeks only damages. "[T]he Legislature did not intend for the PUC to have [the power to award damages]." *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 8, 383 A.2d 791, 794 (1977). As the Public Utility Code provides:

[e]xcept as otherwise provided in this part, nothing in this part shall abridge or alter the existing rights of action or remedies in equity or under common or statutory law of this Commonwealth, and the provisions of this part shall be cumulative and in addition to such rights of action and remedies.

66 Pa.C.S.A. § 103(c). Similarly,

[i]f any person or corporation shall do or cause to be done any act, matter, or thing prohibited or declared to be unlawful by this part, or shall refuse, neglect, or omit to do any act, matter, or thing enjoined or required to be done by this part, such person or corporation shall be liable to the person or corporation injured thereby in the full amount of damages sustained in consequence thereof. The liability of public utilities, contract carriers by motor vehicles, and brokers for negligence, as heretofore established by statute or by common law, shall not be held or construed to be altered or repealed by any of the provisions of this part.

*Id.* § 3309(a). It follows, then, that appellee's, and the lower court's, reliance on the complaint procedure of 66 Pa.C.S.A. § 701 is misplaced. Here, as in *Feingold*,

a complaint by appellant to the PUC seeking damages could not have resulted in an award by the PUC even if that agency had determined the complaint to be meritorious. It is clear that the remedial and enforcement powers vested in the PUC by the Public Utility Law were designed to allow the PUC to enforce its orders and regulations but not to empower the PUC to award damages or to litigate a private action for damages on behalf of a complainant.

*Feingold v. Bell of Pennsylvania, supra,* 477 Pa. at 10, 383 A.2d at 795 (footnote omitted); *cf. Elkin v. Bell Telephone Co.,* 491 Pa. 123, 420 A.2d 371 (1980). Thus, we fail to see what actions the PUC could take in regard to the interpretation of the easement granted to PP & L. "Resolution of appellant's claims depend[s] upon no rule or regulation predicated on the peculiar expertise of the PUC, no agency policy, no question of service or facilities owed to the general public, and no particular standard of safety or convenience articulated by the PUC." *DeFrancesco v. Western Pennsylvania Water Co.,* 499 Pa. 374, 378, 453 A.2d 595, 597 (1982) (jurisdiction found where complaint alleged that utility negligently failed to provide required service). Therefore, the PUC is not the proper forum to hear appellant's trespass, nuisance, and conspiracy complaints.

For the foregoing reasons, we affirm the order of the lower court insofar as it sustains the preliminary objections to Count IV of appellant's complaint and dismisses that count as against appellee, but reverse as to Counts I, II, and III[5] because of our finding that a cause of action in

5. Appellee argues that appellant's new matter contained in its answer to Appellee's Petition to Transfer the Matter to Commonwealth Court characterized the suit as one concerning trespass only, thereby waiving the other counts in appellant's complaint. We note that neither the petition nor the answer are a part of the record, and hence we decline to consider this issue. *See Siravo v. AAA Trucking Corp.,* 306 Pa.Superior Ct. 217, 219, 452 A.2d 521, 522 (1982) (court considers only those facts which are in the record and not those interjected by briefs); *Society Hill Towers Owners Ass'n v. Matthew,* 306 Pa.Superior Ct. 13, 18 n. 3, 451 A.2d 1366, 1369 n. 3 (1982) (same).

trespass was properly stated and that neither the PUC nor the eminent domain provisions of the Business Corporation Law provide exclusive remedies for compensating appellant for the damages to his land.

Affirmed in part and reversed in part.

Remanded for proceedings consistent with this opinion.

Jurisdiction is not retained.