499 A.2d 1101

**Edmund M. WENDLER, Jr., Appellant,**

**v.**

**Michael R. DePAUL.**

Superior Court of Pennsylvania.

Argued April 16, 1985.

Filed Nov. 1, 1985.

480

Brooke M. Boyer, Reading, for appellant.

Daniel B. Huyett, Reading, for appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

WICKERSHAM, Judge:

Edmund Wendler, Jr. appeals from the order of the Court of Common Pleas of Berks County granting Michael De-Paul's preliminary objections in the nature of a demurrer and dismissing Wendler's complaint.

In July, 1984, Edmund Wendler, Jr., appellant herein, initiated this action by filing a complaint alleging defamation on the part of appellee Michael DePaul. Appellant's complaint alleged that appellant and appellee worked at the Carpenter Technology Corporation plant in Reading, Pennsylvania; appellant was a laborer and appellee was employed as the superintendent of the transportation, labor, and billet yard. Appellant further averred that on February 3, 1984, while appellant was working at the plant, a large piece of steel which he was moving in an overhead hoist fell and struck him on the foot. In response to this incident, appellee, appellant's superior, wrote a report containing statements which appellant alleged were "false, malicious and defamatory":

 a. That the incident occurred because [appellant] had willfully disregarded instructions in proper material handling procedures.

b. That at the time of the incident, [appellant] had improperly attached the equipment to the piece of steel.

c. That immediately prior to the incident another employee had ordered [appellant] to put the piece of steel down and properly connect the equipment and that [appellant] had refused to do so.

d. That [appellant] refused to seek medical treatment for the injury.

e. That Walter Johnson, a supervisor, indicated that [appellant] was not able to adequately perform the functions of his position.

f. That the job performance of [appellant] is marginal and many times borders on the unsafe.

Complaint at 2.

The complaint further stated that a copy of this report was sent to the manager of employee relations at the plant, and that, as a result, appellant's employment was terminated.

In response to the complaint, appellee filed preliminary objections in the nature of a demurrer, contending that the complaint failed to state a cause of action in that the statements alleged to be libelous were not defamatory as a matter of law. On October 30, 1984, the Honorable Thomas J. Eshelman granted appellee's preliminary objections and dismissed appellant's complaint. Appellant filed this timely appeal.

The sole issue for our consideration is whether the lower court erred in finding that the alleged statements are not defamatory as a matter of law. We agree that they are not and, therefore, we affirm the lower court's decision to grant appellee's preliminary objections in the nature of a demurrer.

In ruling upon a demurrer, we look to the following principles of law:

A demurrer admits all relevant facts pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law.... A demurrer may not be sustained unless the complaint evidences on its face

that the claim cannot be sustained because the law will not permit recovery.... In ruling on a demurrer, a court may not consider factual matters not disclosed in the record.... If there is any doubt, the doubt should be resolved in favor of overruling the demurrer; ....

*Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Superior Ct. 497, 500, 450 A.2d 36, 37–38 (1982) (citations omitted). *Hoch v. Philadelphia Electric Co.*, 341 Pa.Super. 598, 600, 492 A.2d 27, 28 (1985). *See also, Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985).

Instantly, the demurrer was properly granted only if the alleged statements were not defamatory as a matter of law. "Procedurally, it is the trial court's function to determine, in the first instance, whether the communication complained of is capable of a defamatory meaning." *Zartman v. Lehigh County Humane Society*, 333 Pa.Super. 245, 249, 482 A.2d 266, 268 (1984).

In Pennsylvania law, a communication is defamatory if it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 441, 273 A.2d 899, 904 (1971).... The test is the effect the statement would fairly produce, or the impression it would naturally engender, "in the minds of the average persons among whom it is intended to circulate." *Corabi, supra,* 441 Pa. at 447, 273 A.2d at 907, quoting *Boyer v. Pitt Publishing Co.*, 324 Pa. 154, 157, 188 A. 203, 204 (1936).

*Rybas v. Wapner*, 311 Pa.Super. 50, 54–55, 457 A.2d 108, 110 (1983). Furthermore, "[a] communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 317, 182 A.2d 751, 753 (1962), *quoting* Restatement of Torts § 559.

To determine whether a communication is capable of defamatory meaning, the court must examine the words

in their factual context. *Rybas v. Wapner, supra,* 311 Pa.Superior Ct. at 56, 457 A.2d at 110. The nature of the intended audience is a critical factor in considering whether a communication is capable of defamatory meaning. *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583 (1980).

In the case at bar, the alleged defamatory statements were made in the context of an employment-related report by appellee, appellant's superior. The report was written as a result of the incident heretofore described and was an evaluation of appellant's work performance. It was addressed only to the manager of employee relations. Appellant does not allege that the report was not confidential or was intended to be communicated to other individuals within the plant or to the general public.

While appellant's job performance was criticized, he was not accused of dishonesty or anything else that would "blacken [his] reputation or [ ] expose him to public hatred, contempt, or ridicule." *Beckman v. Dunn, supra,* 276 Pa.Superior Ct. at 533, 419 A.2d at 586. Rather, the report was an evaluation of an employment incident that necessarily included "subjective elements that render statements, of the kind complained of here, akin to opinion. . . . Opinion, without more, is not actionable as libel." *Id.,* 276 Pa.Superior Ct. at 535, 419 A.2d at 587.

It is clear that the alleged statements were made by appellee in the context of appellee's position as appellant's supervisor. The report was disseminated only to the manager of employee relations. Given this factual context and the intended audience, we agree that the alleged statements were not capable of defamatory meaning.[1]

Order affirmed.

1. The lower court thoroughly and properly discusses *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583 (1980) and its applicability to the instant case. We agree with the lower court's analysis and need not expand on it further. We also note that *Rybas v. Wapner,* 311 Pa.Super. 50, 457 A.2d 108 (1983) provides further support for our decision.